NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 09-16179 |
| Plaintiff - Appellee, | D.C. No. 2:06-cv-01644-JCM-PAL |
| v. | |
| THOMAS WELLS, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| v. | |
| INTERBILL, LTD., | |
| Defendant-third-party-plaintiff - Appellant, | |
| v. | |
| WELLS FARGO BANK NATIONAL ASSOCIATION, | |
| Third-party-defendant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted June 17, 2010
San Francisco, California

Before:   HAWKINS and FISHER, Circuit Judges, and TYMKOVICH, Circuit Judge.[**]

Thomas Wells and Interbill Ltd. ("Appellants") appeal from judgment entered in an action under Section Five of the Federal Trade Commission Act, 15 U.S.C. § 45.  The district court found that Appellants had engaged in unfair trade practices by "processing debit transactions to consumers' bank accounts, while knowing or consciously avoiding knowing that those debit transactions were unauthorized by consumers" and ordered $1,779,700 in restitution and broad injunctive relief.  We affirm.

The district court did not err by imposing liability based on a finding that Appellants knew or consciously avoided knowing that they were facilitating unauthorized transactions.  An unfair practice does not require knowledge of consumer harm and may merely "facilitate, or contribute to, ill intentioned schemes if the injury was a predictable consequence of those actions."  *FTC v. Neovi, Inc.*, No. 09-55093, 2010 WL 2365956, at *5 (9th Cir. June 15, 2010).  Overwhelming and undisputed evidence shows that Appellants' role in facilitating

---

[**]The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

the PharmacyCards program resulted in unauthorized transactions. Wells received immediate reports of fraud and notice of charge-backs at 10 to 20 times the rates generally permitted for credit card and direct deposit transactions. He also failed to conduct reasonable due diligence and did not react to receipt of fulfillment materials that did not match the program he believed he was servicing. Carrying out unauthorized transactions was an unfair practice. *See* 15 U.S.C. § 45(n); *Neovi*, 2010 WL 2365956, at \*6-\*7.

The district court did not abuse its discretion by ordering restitution for the full amount of consumer loss jointly and severally against InterBill and Wells. Total consumer loss is an appropriate measure of restitution under the FTC Act, *see FTC v. Gill*, 265 F.3d 944, 958 (9th Cir. 2001), and a district court need not exclude costs incurred in carrying out unfair practices from the restitution order. *See Neovi*, 2010 WL 1930229, at \*7-\*8. The FTC may seek full restitution from any individual who caused consumer harm through unfair practices. *See FTC v. Pantron I Corp.*, 33 F.3d 1088, 1101-04 (9th Cir. 1994).

Finally, the district court did not abuse its discretion by entering a broad prohibitory injunction against Appellants. The FTC Act authorizes imposition of comprehensive prophylactic injunctive relief after a proper finding that defendants have engaged in unfair practices and harmed consumers. *See, e.g.*, *FTC v.*

3

*Ruberoid Co.*, 343 U.S. 470, 473 (1952); *Trans World Accounts, Inc. v. FTC*, 594 F.2d 212, 215 (9th Cir. 1979).

**AFFIRMED**.